UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT THOMAS PINKSTON | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:09-CV-633 (JCH) |
| v. | : | |
| STATE OF CONNECTICUT | : | SEPTEMBER 2, 2009 |
| Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (Doc. No. 9)**

**I.   INTRODUCTION**

Plaintiff Robert Thomas Pinkston ("Pinkston") brings this action against the State of Connecticut ("State") for damages he allegedly sustained when he was arrested on March 27, 2006. Pinkston asserts that his Fourth and Second Amendment rights were violated at the time of arrest. The State seeks dismissal of Pinkston's Complaint on the ground that it is barred by the applicable statute of limitations. The State also argues that the Complaint is barred by the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity.[1]

Pinkston filed this suit in federal court on April 16, 2009, seeking money damages as compensation for his arrest on March 27, 2006. On that date, Pinkston was arrested for attempting to purchase a shotgun. Police believed Pinkston was in violation of Conn. Gen. Stat. § 53a-217, which prohibits convicted felons from possessing firearms. The officers who performed the arrest, however, were mistaken

---

[1] Because the State's Motion to Dismiss on statute of limitations grounds is dispositive in this case, see infra, the court does not address the issue of the Eleventh Amendment or sovereign immunity.

1

…

as to Pinkston's criminal background, because a prior conviction on Pinkston's arrest record was listed as a felony, when it should have been listed as a misdemeanor.

While the jurisdictional basis for this suit is somewhat unclear from the face of the Complaint, the court construes the Complaint as alleging a cause of action under 42 U.S.C. § 1983 ("section 1983"), based on violations of (1) Pinkston's Fourth Amendment right to be free of false arrest; and (2) Pinkston's Second Amendment right to bear arms.  Pinkston has claimed total damages of $300,000, including $150,000 for the alleged Fourth Amendment violation and $150,000 for the alleged Second Amendment violation.

## II.   DISCUSSION

### A.   Standard of Review

A motion to dismiss on statute of limitations grounds arises under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)").  McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004).  In deciding a Rule 12(b)(6) motion to dismiss, the court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chemical Co., 517 F.3d 104, 115 (2d Cir. 2008).  A Rule 12(b)(6) motion to dismiss tests only the adequacy of the complaint.  United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004).  Therefore, review is "generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

The court's analysis is guided by Fed. R. Civ. P. 8(a) ("Rule 8(a)"), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has recently articulated that Rule 8(a) "requires factual allegations sufficient 'to raise a right to relief above the speculative level.'" Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). This "plausibility standard" in Twombly "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly).

B.   State's Motion to Dismiss on Statute of Limitations Grounds

The State moves to dismiss Pinkston's Complaint on the ground that it is barred by the applicable statute of limitations. While a statute of limitations defense is not ordinarily considered on a motion to dismiss, it is appropriate if the dates in question are undisputed. Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss."). Pinkston's Complaint, which was filed on April 16, 2009, clearly indicates the date of the allegedly false arrest as March 27, 2006. The court thus finds that it is appropriate to address the issue of whether the statute of limitations bars Pinkston's claim.

A federal court must look to state law to determine the applicable statute of limitations in a section 1983 suit. See Lounsbury v. Jeffries, 25 F.3d 131, 133 (2d Cir. 1994) (stating that actions brought under section 1983 must "borrow" the "most

3

appropriate or most analogous" state statute of limitations); see also City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 123 n.5 (2005) (explaining that the statute of limitations for section 1983 claims is generally drawn from the state-law period applicable to personal injury torts, except when the alleged violation rests upon a post-1990 congressional enactment).  The general three-year personal-injury statute of limitations period set forth in Connecticut General Statutes § 52-577 has been uniformly found to be the appropriate one for federal civil rights actions.  See Lounsbury, 25 F.3d at 134 (applying Connecticut's three year statute of limitations to actions brought pursuant to 42 U.S.C. § 1983).  Therefore, the court finds that Connecticut's three-year statute of limitations applies in this case.

While state law determines the applicable statute of limitations, federal law determines when a section 1983 claim accrues.  See Wallace v. Kato, 549 U.S. 384, 388 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law").  Under federal law, "a cause of action generally accrues 'when the plaintiff knows or has reason to know of the injury that is the basis of the action.'"  M.D. v. Southington Bd. of Educ., 334 F.3d 217, 221 (2d Cir. 2003) (quoting Leon v. Murphy, 988 F.2d 303, 309 (2d Cir. 1993)).  In Wallace, the Supreme Court affirmed the Court of Appeals' determination that the statute of limitations in a section 1983 claim for false arrest accrued at the time of arrest.  See Wallace, 549 U.S. at 397 ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").  Pinkston's arrest took

place on March 27, 2006. The court thus finds, pursuant to Wallace, that the statute of limitations began to run on that date.

Because Pinkston filed his federal claim on April 16, 2009, more than three years after his arrest on March 27, 2006, the court finds that his claim is time-barred.[2]

### III. CONCLUSION

For the foregoing reasons, the State's Motion to Dismiss [**Doc. No. 9**] is **GRANTED**. The court grants Pinkston leave to replead any causes of action arising from his alleged false arrest in October 2006, as well as any causes of action related to the State's alleged continuing violation or malicious prosecution, as long as he has a factual and legal basis to do so, within three weeks of this Ruling.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 2nd day of September, 2009.

        /s/ Janet C. Hall

        Janet C. Hall
        United States District Judge

---

[2] In opposition to the State's Motion to Dismiss, Pinkston argues that the court should find that the statute of limitations in this case was tolled until October 26, 2006, the date on which Pinkston was allegedly falsely arrested for the second time. In general, the statute of limitations in a section 1983 claim may be tolled where the plaintiff alleges that a course of conduct amounts to a "continuing violation." Washington v. County of Rockland, 373 F.3d 310, 318 (2d Cir. 2004). Pinkston's Opposition also sets forth an allegation of malicious prosecution.
    Pinkston's Complaint, however, contains no allegation that the State's conduct amounted to a continuing violation or malicious prosecution. On that basis, the court find that these arguments are inappropriate to address at this time.