UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT THOMAS PINKSTON,      : | |
|     Plaintiff,                                 : | CIVIL ACTION NO. |
|                                                        : | 3:09-CV-633 (JCH) |
| v.                                                     : | |
|                                                        : | |
| STATE OF CONNECTICUT,          : | JANUARY 14, 2010 |
|     Defendant.                            : | |

**RULING RE: MOTIONS TO AMEND COMPLAINT (Docs. No. 25, 26, 28, 29, 37, 39);
MOTIONS TO ADD DEFENDANTS (Docs. No. 27, 30, 38);
MOTION TO DISMISS (Doc. No. 31)**

**I.     INTRODUCTION**

Robert Thomas Pinkston ("Pinkston"), the pro se plaintiff in this case, filed his original Complaint on April 16, 2009, against the State of Connecticut ("State"). Pinkston alleged that he suffered damages when he was arrested on March 27, 2006, after trying to purchase a shotgun. On July 14, 2009, the State moved the court to dismiss the Complaint because it was time-barred, or, in the alternative, because it was barred by the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity (Doc. No. 9) (hereinafter "First Motion to Dismiss"). This court granted the First Motion to Dismiss in a Ruling dated September 2, 2009, on the ground that the applicable statute of limitations had elapsed (Doc. No. 17).

In its Ruling on the First Motion to Dismiss, this court granted Pinkston leave to replead any causes of action arising from his alleged false arrest in October 2006, as well as any causes of action related to the State's alleged continuing violation or malicious prosecution. Pinkston's First Motion to Amend was filed on October 7, 2009

(Doc. No. 25).[1]  Pinkston filed five subsequent motions to amend on October 13, 2009 (Docs. No. 26, 28, 29, 37, 39).[2]  Pinkston also filed three motions to add defendants on October 13, 2009 (Docs. No. 27, 30, 38).[3]  The State then moved to dismiss Pinkston's Amended Complaint,[4] apparently on behalf of all of the defendants who may have been named by Pinkston (Doc. No. 31) (hereinafter "Second Motion to Dismiss").  Pinkston filed opposition to the Second Motion to Dismiss on November 19, 2009 (Docs. No. 33, 34).

Pinkston's First Motion to Amend appears to allege malicious prosecution and a continuing violation, in violation of Pinkston's rights under the Second, Fourth, and Fourteenth Amendments.  The Amended Complaint appears to state claims not only against the State, but also against state prosecutors and Connecticut Superior Court Judge Sullivan.[5]  The Second Motion to Amend (Doc. No. 26) and the First Motion to Add Defendants (Doc. No. 27) seek to include the Connecticut Superior Court as a defendant.  The Third Motion to Amend (Doc. No. 28) clarifies the relief that Pinkston is seeking, which is a total of $910,000.  The Fourth Motion to Amend (Doc. No. 29), Sixth

---

[1] The First Motion to Amend is dated September 30, 2009.

[2] These motions are dated October 7, 2009.

[3] These motions are dated October 7, 2009

[4] As discussed infra, the court grants all of Pinkston's motions to amend and to add defendants. Therefore, for purposes of this Ruling, the court will construe all of the allegations contained in all of Pinkston's filings in this case as comprising the "Amended Complaint."

[5] The Second Motion to Dismiss construes the Amended Complaint to state a claim against an Attorney Green, who represented Pinkston in earlier state proceedings.  In a subsequent filing, however, Pinkston clarified that he was not pursuing a claim against Attorney Green (Doc. No. 34).  While the Amended Complaint is not entirely clear as to the parties against which Pinkston intends to pursue claims, the court will liberally construe the Amended Complaint as evincing an intent to pursue claims against not only the state, but also against the prosecutors and Judge Sullivan.

Motion to Amend (Doc. No. 39), Second Motion to Add Defendants (Doc. No. 30), and Third Motion to Add Defendants (Doc. No. 38) seek to add the Connecticut Department of Public Safety and Connecticut State Bureau of Police Identification as a defendants. In addition, the Fourth Motion to Amend states that Pinkston is seeking an additional $80,000 in damages for defamation. The Fifth Amended Complaint (Doc. No. 37) provides additional factual information about the alleged continuing course of illegal conduct for which Pinkston seeks relief.

For the foregoing reasons, the court grants Pinkston's motions to amend and to add defendants (Docs. No. 25, 26, 27, 28, 29, 30, 37, 38, 39). The court also grants the State's Motion to Dismiss (Doc. No. 31).

## II.   MOTIONS TO AMEND AND ADD DEFENDANTS

In its Ruling on the First Motion to Dismiss, Pinkston was granted leave to replead any causes of action arising from his alleged false arrest. Therefore, Pinkston was not required to file any motions in order to amend or to add defendants. Indeed, the State has not filed any opposition to Pinkston's motions to amend and to add defendants. The court grants those motions (Docs. No. 25, 26, 27, 28, 29, 30, 37, 38, 39).

## III.   MOTION TO DISMISS

### A.   Standard of Review

In ruling on the State's Second Motion to Dismiss, the court takes the allegations of Pinkston's Amended Complaint as true and construes them in a manner favorable to Pinkston. Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Grandon v. Merrill Lynch & Co.,

147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984). The court must draw all reasonable inferences in Pinkston's favor. See, e.g., Yung v. Lee, 432 F.3d 132, 146 (2d Cir. 2005) (discussing Rule 12(b)(6) motion to dismiss); Lunney v. United States, 319 F.3d 550, 554 (2d Cir.2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to dismiss).

The court's analysis is guided by Fed. R. Civ. P. 8(a)(2) ("Rule 8(a)(2)"), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has recently articulated that Rule 8(a)(2) "requires factual allegations sufficient 'to raise a right to relief above the speculative level.'" Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). This "plausibility standard" in Twombly "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly).

 B. Discussion

  1. Claims Against the State of Connecticut and State Agencies

The Eleventh Amendment to the United States Constitution generally bars suits for money damages brought by individuals against states. See U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); McGinty v. New York, 251 F.3d 84, 91 (2d Cir. 2001). Unless one of the "two recognized exceptions to the

bar" is applicable, the court must dismiss the case for lack of subject matter jurisdiction. Id. at 91, 101 ("[W]e are constrained to agree with the district court that it lacked subject matter jurisdiction over plaintiffs' claims because the Eleventh Amendment cloaks all defendants with sovereign immunity."); Atlantic Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it sua sponte because it affects our subject matter jurisdiction."). Cf. Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998) (stating that whether "Eleventh Amendment immunity is a matter of subject matter jurisdiction" is one that "we have not decided"); Woods v. Rondout Valley Central School Dist. Bd of Educ., 466 F.3d 232, 238 (2d Cir. 2006) ("Certain language in Schacht, in fact, supports analogizing a sovereign immunity claim to an affirmative defense, which a party may invoke or not as it wishes.").

The Eleventh Amendment, in addition to barring suits directly against the state, bars suits against state agencies. See, e.g., Florida Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982) ("A suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity.") (citation omitted). As courts within this district have held, the Connecticut Department of Public Safety is a state agency and thus cannot be sued for damages due to the Eleventh Amendment's jurisdictional bar.[6] See Daley v. Hoyt, 27 F. Supp. 2d 339, 343 (D. Conn. 1998).

There exist "two recognized exceptions" to the Eleventh Amendment

---

[6] The State Police Bureau of Identification is a department within the Department of Public Safety.

jurisdictional bar: (1) "when Congress authorizes such a suit through enforcement of § 5 of the Fourteenth Amendment;" and (2) "where a state consents to being sued." McGinty, 251 F.3d at 91.  However, neither is applicable in this case.[7]  Pinkston has not pleaded any facts giving rise to an inference that the State, Department of Public Safety, State Bureau of Police Identification, or Superior Court has consented to be sued.  Moreover, the State has alleged that it has not, in fact, given such consent.  See Memorandum in Support of Second Motion to Dismiss at 1.  Because there is no jurisdictional basis for Pinkston's claims against the State and its agencies,[8] the court dismisses all claims contained in the Amended Complaint that seek damages from the State and its agencies.

   B.  <u>Claims Against State Judicial Officers and Prosecutors</u>

A motion to dismiss on the ground of judicial or prosecutorial immunity arises under Rule 12(b)(6).  See Glavin v. Restaino, 210 Fed. Appx. 122, 124 (2d Cir. 2006) (affirming district court's grant of motion to dismiss on ground of judicial immunity); Warney v. Monroe County, 587 F.3d 113, 126-127 (2d Cir. 2009) (reversing district court's denial of motion to dismiss on ground of prosecutorial immunity); Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008) ("[P]rosecutorial immunity . . . is properly

---

[7] Pinkston's Opposition to the Second Motion to Dismiss references the first of these recognized exceptions.  It is true that "the Eleventh Amendment, and the principle of state sovereignty which it embodies . . . are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment." Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).  However, it is well established that section 1983 does not abrogate Eleventh Amendment immunity.  See, e.g., Quern v. Jordan, 440 U.S. 332, 338-41 (1979).

[8] To the extent Pinkston may be attempting to utilize section 1983 as a jurisdictional basis for his lawsuit against the State of Connecticut, his argument fails.  As the Supreme Court has stated, "a plaintiff seeking damages against the State . . . cannot use § 1983 as a vehicle for redress because a State is not a 'person' under § 1983."  Haywood v. Drown, 129 S.Ct. 2108, 2113 n.4 (2009).  The same is true as to state agencies.  Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) ("Neither a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a "person" under § 1983.").

6

raised in a Rule 12(b)(6) motion to dismiss."). Cf. State Employees Bargaining Agent Coalition, 494 F.3d at 77 n.4 ("It is well-settled that legislative immunity is not a jurisdictional bar, but is rather a personal defense that may be asserted to challenge the sufficiency of a complaint under Rule 12(b)(6)."). The State alleges that the Amended Complaint, to the extent it alleges causes of action against Connecticut judicial officers and prosecutors, must therefore be dismissed for failing to state a claim.

      1.      Judicial Immunity

"A judge defending against a section 1983 suit is entitled to absolute immunity from damages for actions performed in his judicial capacity." Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990) (citations omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quotation marks and citation omitted); see also Fields, 920 F.2d at 1119 ("Liability will not attach where a judge violated state law by an incorrect decision."). Whether a judge acted in a "judicial capacity" depends on "nature of the act [complained of] itself, i. e., whether it is a function normally performed by a judge, and to the expectations of the parties, i. e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362.

The court is not entirely certain as to what conduct constitutes the basis for Pinkston's claims against Judge Sullivan. Pinkson alleges that Judge Sullivan, inter alia, "assisted the prosecution" and made several contradictory statements regarding the consolidation of Pinkston's state cases into a single forum before a single judge.

See First Amended Complaint at 8-9. Despite the assertion that Judge Sullivan "assisted the prosecution," however, there are no facts contained Pinkston's Amended Complaint giving rise to an inference that Judge Sullivan acted in anything other than a judicial capacity. Indeed, even construing Pinkston's Amended Complaint liberally, there is nothing to indicate that Judge Sullivan acted in "the clear absence of jurisdiction."

The court concludes, based on the allegations in the Amended Complaint, that Judge Sullivan is entitled to absolute judicial immunity. Therefore, all claims against Judge Sullivan that are contained in Pinkston's Amended Complaint are dismissed under Rule 12(b)(6).

### 2. Prosecutorial Immunity

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and establish the elements of a malicious prosecution claim under state law." Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir.2002). However, "[a]s to [a] claim for malicious prosecution under § 1983, federal law of immunity applies." Cornejo v. Bell, __ F.3d __, 2010 WL 6145, at *6 (2d Cir. 2010). "Similar to the rule applying to judges, unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." Fields, 920 F.2d at 1119 (quotation marks and citation omitted). "Prosecutors are only qualifiedly immune from suit when they act in an 'investigative' or 'administrative' capacity." Id. (citation omitted). However, "a prosecutor enjoys absolute immunity even when doing an administrative act if the act is done in the

8

performance of an advocacy function." Warney, 587 F.3d at 124 (citing Van de Kamp v. Goldstein, 129 S.Ct. 855 (2009)).

The court is not entirely certain as to the factual basis underlying Pinkston's claims against state prosecutors. However, even affording a liberal construction to Pinkston's Amended Complaint, Pinkston has alleged no facts giving rise to an inference that his claims arise out of acts undertaken in those prosecutors' "investigative" or "administrative" capacities. Rather, Pinkston's claim of malicious prosecution appears to arise solely out of acts undertaken in such prosecutors' roles as advocates for the State in proceedings "intimately associated with the judicial phase of the criminal process." Fields, 920 F.2d at 1119. The court therefore dismisses Pinkston's claims of malicious prosecution under Rule 12(b)(6).

## IV.     CONCLUSION

For the foregoing reasons, Pinkston's motions to amend (Docs. No. 25, 26, 28, 29, 37, 39) and motions to add defendants (Docs. No. 27, 30, 38) are **GRANTED**. The Second Motion to Dismiss is **GRANTED** (Doc. No. 31). Because this is the first dismissal of Pinkston's claims against Connecticut judicial officers and prosecutors, Pinkston may replead claims, against those individuals only, within three weeks of this Ruling, but only if he has a factual and legal basis to do so. The court cautions Pinkston that, if he chooses to replead his claims against the aforementioned Connecticut judicial officers and prosecutors, he is required to do so in a single Amended Complaint filing.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 14th day of January, 2010.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge