**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ROBERT THOMAS PINKSTON,    :
    Plaintiff,             :    CIVIL ACTION NO.
                             :    3:09-CV-633 (JCH)
    v.                :
                             :
STATE OF CONNECTICUT,    :    MARCH 29, 2010
    Defendant.          :

**RULING RE: MOTIONS TO AMEND COMPLAINT (Doc. Nos. 43, 44); MOTION TO ADD DEFENDANTS (Doc. No. 45); MOTION TO REPLEAD (Doc. No. 46)**

**I.    PROCEDURAL HISTORY**

Robert Thomas Pinkston ("Pinkston"), the pro se plaintiff in this case, originally brought this action against defendant State of Connecticut ("State") on April 16, 2009, alleging that he suffered damages when he was arrested on March 27, 2006, after trying to purchase a shotgun.  On September 2, 2009, the court granted the State's first Motion to Dismiss on the ground that the applicable statute of limitations had elapsed (Doc. No. 17).

In October 2009, Pinkston filed various motions to amend and to add unspecified Connecticut judicial officers and prosecutors as defendants.  The State thereafter filed a second Motion to Dismiss.  In a Ruling dated January 14, 2010, the court granted Pinkston's Motions to Amend and to Add Defendants, but also granted the State's second Motion to Dismiss (Doc. No. 41).  In its January 14, 2010 Ruling, the court granted Pinkston leave to replead any claims against Connecticut judicial officers and

prosecutors, if he had a factual and legal basis to do so.[1]  Ruling on Second Motion to

Dismiss at 9.  The court also cautioned Pinkston that, if he chose to replead his claims,

he would be required to do so in a single Amended Complaint filing.  Id.

On February 4, 2010, Pinkston filed two motions to amend his Complaint (Doc.

Nos. 43, 44), one Motion to Add Defendant (Doc. No. 45), and one Motion to Replead

(Doc. No. 46) (hereinafter "February 2010 motions").  Pinkston's February 2010 motions

do not seek to pursue claims against the Connecticut judicial officers and prosecutors

who were the subject of this court's January 14, 2010 Ruling.  Rather, Pinkston now

seeks to sue the police officer who, in 1988, "recorded an error on [his] police record

that labeled [him] . . . a 'convicted felon.' " Motion to Replead at 1 (Doc. No. 46).

## II.    DISCUSSION

Pinkston's February 2010 Motions are denied.  This court's January 14, 2010

Ruling granted Pinkston leave to replead only his claims against the Connecticut judicial

officers and prosecutors who were the subjects of that Ruling.  Pinkston was not

granted leave to replead claims against any new defendants.

Moreover, the court has serious doubts as to whether Pinkston's new claim

against the officer who allegedly "recorded an error on [his] police record" could survive

a subsequent motion to dismiss.   As this court has previously held, the statute of

limitations in this district for federal civil rights actions is three years.  See Lounsbury v.

Jeffries, 25 F.3d 131, 134 (2d Cir. 1994).  Moreover, "a section 1983 cause of action

---

[1] Because Pinkston's claims against the State and its agencies were dismissed for the second time in the January 14, 2010 Ruling, Pinkston was not granted leave to replead those claims. See January 14, 2010 Ruling at 9 ("Because this is the first dismissal of Pinkston's claims against Connecticut judicial officers and prosecutors, Pinkston may replead claims, against those individuals only, within three weeks of this Ruling, but only if he has a factual and legal basis to do so.").

generally accrues 'when the plaintiff knows or has reason to know of the injury that is the basis of the action.' " M.D. v. Southington Bd. of Educ., 334 F.3d 217, 221 (2d Cir. 2003) (quoting Leon v. Murphy, 988 F.2d 303, 309 (2d Cir. 1993)). Pinkston likely had reason to know of the error on his police record on or about March 27, 2006, the date of his allegedly false arrest.  Cf. Landrigan v. City of Warwick, 628 F.2d 736, 744-45 (1st Cir. 1980) ("If action is subsequently taken on the basis of [a false police] report, or if the report is disseminated in some manner, plaintiff's constitutional rights may well then be violated, . . . and in that event a section 1983 action may lie."). This suit, however, was filed on April 16, 2009, more than three years after that date.  Pinkston's claim against the officer who allegedly made the error thus appears to be time-barred.

III.   **CONCLUSION**

For the foregoing reasons, the court **denies** Pinkston's Motions to Amend (Doc. Nos. 43, 44); Motion to Add Defendant (Doc. No. 45); and Motion to Replead (Doc. No. 46).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 29th day of March, 2010.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge

3